# Frankfurt Kurnit Klein + Selz PC

**Tyler Maulsby**
28 Liberty Street, New York, New York 10005
T (212) 705-4893    F (347) 438-2152
tmaulsby@fkks.com

November 17, 2022

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

Defendant shall hold such funds pending the outcome of the fee arbitration proceeding commenced by Plaintiff.  No conference on the issue will be held at this time.  So Ordered.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 22, 26.

Dated: November 18, 2022
New York, New York

**VIA ECF**

Hon Lorna Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

RE:  *C.O. et al. v. NYC Department of Education*, No. 22-CV-04507-LGS

Dear Judge Schofield

We represent the Law Offices of Irina Roller ("LOIR" or the "Firm") in the above-referenced matter.  Pursuant to Your Honor's November 10, 2022 Order (DE 23), we write in response to the letter dated November 8, 2022 from The City of New York, Office of Corporation Counsel, which requested that the Court schedule a conference concerning the payment of funds pursuant to the Stipulation of Settlement filed in this matter (DE 21).

**I.    Background**

LOIR, on behalf of Plaintiff, commenced this action on June 1, 2022, under the Individuals with Disabilities Education Improvement Act (IDEA), 28 U.S.C. § 1415.  The sole claim in this action is payment of Plaintiff's fees and expenses as the "prevailing party" in an underlying trial before an Impartial Hearing Officer.  *See* 20 U.S.C. § 1415(i)(3).

On February 15, 2018, Plaintiff entered into a retainer agreement with LOIR in connection with Plaintiff's claims against the New York City Department of Education relating to Plaintiff's minor child's education for the 2018-2019 school year.  Pursuant to the Retainer Agreement, Plaintiff paid an initial retainer and agreed to cooperate with the Firm's efforts to seek payment of attorney's fees and expenses under the IDEA.  As alleged in the Complaint (DE 1), the Firm prevailed on behalf of Plaintiff in the underlying administrative proceeding and secured Plaintiff's child full tuition for the requested educational institution.  The Firm subsequently commenced this Action to recover its fees and expenses.  After filing the Complaint, the Firm submitted its invoices, which contained a detailed breakdown of the Firm's time charges and expenses, to Corporation Counsel in justification of the Firm's fees and expenses, which totaled $38,542.00.[1]  On September

---

[1] During the course of this action the Firm discovered that the amount alleged in the Complaint was incorrect and was slightly lower than the actual amount of fees and expenses reflected on the Firm's

Case 1:22-cv-04507-LGS   Document 28   Filed 11/18/22   Page 2 of 3

Hon Lorna Schofield
November 17, 2022
Page 2

29, 2022, the Firm agreed to settle its claim for fees and expenses for a total of $26,500 (*see* DE 21, the "Settlement Amount"). Although the total amount of fees and expenses the Firm expended in the course of this matter exceeds that amount (plus the retainer Plaintiff already paid), the Firm agreed to waive its right to payment of any additional amounts. In furtherance of settlement, Plaintiff signed a release in favor of the City in connection with this action. However, after signing the release Plaintiff objected to payment of that amount to LOIR and has instead demanded that those funds be paid directly to Plaintiff, even though Plaintiff has only ever paid LOIR the initial retainer and certain additional fees and expenses, the total of which falls well short of the full amount that the Firm is owed.[2] It is therefore the Firm's position that it is entitled to be paid the full Settlement Amount. In the course of disputing LOIR's fee, Plaintiff has also discharged the Firm and elected to proceed *pro se*. It appears from Corporation Counsel's letter that after Plaintiff discharged the Firm he contacted Corporation Counsel and instructed that the Settlement Amount be paid directly to him.

## II.    Plaintiff's Letter To The Court

In his letter filed today (DE 26), Plaintiff requests that the Court order the City to disburse the funds directly to him based solely on his submission. This is plainly improper. Plaintiff concedes that the Firm represented him in connection with the 2018-2019 school year and also that there is a fee dispute between him and LOIR over the Settlement Amount. Accordingly, the Firm has a good faith interest in the Settlement Amount and the funds should not be distributed to any party until resolution of the dispute. *See* N.Y. Jud. L. § 475.

Plaintiff also makes four arguments in support for his request. Although we respectfully request an opportunity to address these issues more fully either at a conference or in a separate submission, we note briefly here that Plaintiff's arguments lack merit. *First*, Plaintiff is simply wrong that he has paid LOIR $15,473 for the 2018-2019 school year. On the contrary, Plaintiff has paid the Firm a $6,000 retainer and further deducted approximately $3,473 in other fees pursuant to the retainer agreement between Plaintiff and the Firm. The additional $6,000 that is included in Plaintiff's calculation is for a retainer for the Firm's representation of him for the *next school year*, which was deducted at Plaintiff's instruction. As a result, that amount is not properly allocated to the 2018-2019 school year.[3]  *Second*, Plaintiff's argument that the total fee for the 2018-2019 school year is unreasonable is unavailing. Plaintiff does not dispute that the Firm obtained a favorable result for him and secured a full tuition reimbursement for his child at a school where the child thrives. To do that the Firm had to complete a full trial and spent considerable time in the process. It also positioned his child to receive tuition reimbursements for the following

---

invoices. The Firm sought Corporation Counsel's consent to amend the complaint, however, that request became academic when the parties agreed to settle.

[2] Under the terms of the retainer agreement, certain payments are not properly credited against amounts paid by DOE. In any event, as we are willing to demonstrate, even including these additional amounts, LOIR is still owed in excess of the $26,500 for which it agreed to settle.

[3] We have provided these calculations to Plaintiff on more than one occasion but he has so far refuses to accept them. Moreover, even if Plaintiff's calculations were correct (which they are not), payment to him of the full Settlement Amount would represent an improper windfall to him.

years without having to conduct a full hearing and trial process. *Third*, Plaintiff's argument that he somehow did not know about this case cannot be squared with his admission that he signed a release in furtherance of this case or that he knew, at the beginning of the representation, that his lawyers would be petitioning for attorneys' fees. In any event, it is not relevant to the determination of whether the Firm should be paid for its work after securing a 100% success for its client and pursuing a course of action that Plaintiff agreed to in the retainer agreement. *Finally,* Plaintiff's argument that any attorneys' fees should be paid to him under the IDEA because he has now discharged after all of the work in the representation was completed is wrong as a matter of law. *See The Dweck L. Firm, L.L.P. v. Mann*, No. 03 CIV. 8967 (SAS), 2004 WL 1794486 (S.D.N.Y. Aug. 11, 2004). Under these circumstances, it would be inappropriate to order the Settlement Amount to be turned over to Plaintiff.

### III. Request For A Conference

LOIR has no objection to the City's request for a conference in connection with the fee dispute between Plaintiff and the Firm. The dispute between Plaintiff and LOIR relates to the Settlement Amount, which is limited to LOIR's representation of Plaintiff for the 2018-2019 school year, and which is the subject of this action. Accordingly, this Court has ancillary jurisdiction over the dispute. *See Cluett, Peabod & Co. v. CPC Acquisition Co.*, 863 F,2d 251, 256 (2d Cir. 1988); *Petition of Rosenman Colin Freund Lewis & Cohen,* 600 F. Supp. 527, 531 (S.D.N.Y. 1984). From the Firm's perspective, the issues here are straightforward. The Firm maintains that the Settlement Amount represents amounts that the Firm has expended in fees and expenses but has not yet been paid. Plaintiff disagrees. Accordingly, any resolution of this action will need to take place in the context of the underlying settlement so that Corporation Counsel can have clarity on where the funds should be paid. We therefore respectfully request that the Court schedule a conference for the parties to discuss this matter and a possible path towards resolution.

Respectfully submitted,

*/s/ Tyler Maulsby*

Tyler Maulsby